

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed:**
**October 2, 2018 13:17**

By: SEAN SOBEL 0086905

Confirmation Nbr. 1510572

| | |
|---|---|
| CANDACE ALTHERR | CV 18 904698 |
| vs. | |
| THE METROHEALTH SYSTEM | **Judge:** MAUREEN CLANCY |

**Pages Filed:** 10

EXHIBIT 1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| CANDACE ALTHERR<br>1423 Churchill Road<br>Lyndhurst, Ohio 44124<br><br>Plaintiff,<br><br>v.<br><br>THE METROHEALTH SYSTEM<br>2500 MetroHealth Drive<br>Cleveland, Ohio 44109<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, Candace Altherr, by and through undersigned counsel, as her Complaint against Defendant, The MetroHealth System, states and avers the following:

## INTRODUCTION

1. Plaintiff Candace Altherr is a resident of the city of Lyndhurst, county of Cuyahoga, and state of Ohio.

2. Defendant The MetroHealth System ("MetroHealth") is a corporation and/or other legal entity duly organized and existing pursuant to the laws of the state of Ohio, and operated health care facilities located in Cuyahoga County, Ohio.

3. At all times material herein, MetroHealth was Altherr's employer for the purposes of Ohio Rev. Code § 4112.01(A)(2).

4. MetroHealth is, and at all times material herein was, engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5. MetroHealth is, and at all times material herein was, an enterprise engaged in commerce or in the production of goods for commerce.

6. MetroHealth has, and at all times material herein had, employees engaged in commerce.

7. MetroHealth is, and at all times material herein was, an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

8. MetroHealth is, and at all times material herein was, an enterprise whose annual gross volume of sales made or business done is not less than $150,000.

9. MetroHealth is, and at all times material herein was, subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03, which require employers to compensate employees who work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate.

10. At all times material herein, Altherr was an individually covered employee pursuant to 29 U.S.C. § 207(a)(1), in that she was engaged in commerce.

11. At all times material herein, MetroHealth was Altherr's employer pursuant to Ohio Rev. Code § 4111 *et seq*.

12. At all times material herein, MetroHealth was Altherr's employers pursuant to 29 U.S.C. § 203(d).

13. The conduct and injuries giving rise to the claims below arose in Cuyahoga County, Ohio.

14. Personal jurisdiction is proper over the Defendant pursuant to Ohio Revised Code § 2307.382(A)(1).

15. Venue is proper pursuant to Civ.R. 3(B)(3).

**FACTUAL ALLEGATIONS**

16. Altherr incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

17. MetroHealth employed Altherr from June 13, 2011 until April 6, 2018.

18. At the time her employment was terminated from MetroHealth, Altherr was 62 years of age.

19. Altherr initially held the title of "Clerk" at MetroHealth.

20. In or around August 2014, Altherr was promoted to the title of "Staff Accountant."

21. In or around September 2017, Altherr was supervised by Kathy Blessinger.

22. In or around September 2017, Blessinger made multiple comments regarding wanting to get rid of older employees and her desire to make the department "younger."

23. Soon after Blessinger made discriminatory comments about older employees, two older employees in Altherr's department were fired, and Altherr was forced to perform the duties normally reserved for three employees.

24. Prior to the termination of the two older employees and being forced to assume triple the work duties, Altherr had a strong performance record.

25. On or about January 15, 2018, Altherr was given a Final Written Warning despite having an exemplary performance record.

26. The Final Written Warning was given soon after Altherr was forced to assume the work duties of two older employees that MetroHealth fired.

27. The Final Written Warning was part of MetroHealth's continued desire to make Altherr's department "younger."

28. The Final Written Warning described Altherr as being "extremely resistant to the efforts of the department's management team to make improvements."

29. The Final Written Warning labeled Altherr as refusing to "utilize technology."

30. The Final Written Warning contained language that evidenced thinly veiled attempts to target Altherr based on her age.

31. Despite the discriminatory nature of the Final Written Warning, Altherr worked diligently to improve all areas of her work performance.

32. Altherr was given positive feedback about her job performance between January 2018 and April 2018.

33. On or about April 6, 2018, despite receiving feedback from MetroHealth that any perceived issues with her job performance had improved, Altherr's employment was terminated.

34. Altherr's employment was terminated months after her supervisor made discriminatory comments referencing wanting to get rid of older employees to make Altherr's department "younger."

35. Altherr's employment was terminated months after two other older employees in Altherr's department had their employment terminated by MetroHealth.

36. MetroHealth terminated Altherr's employment on the basis of her age.

37. Altherr was treated less favorably than younger employees in her department.

38. Younger employees in Altherr's department were regularly permitted to perform their jobs in a deficient manner without discipline or termination of employment.

39. A considerably younger male employee in Altherr's department regular fell asleep during the workday, and despite MetroHealth management's knowledge of the deficient performance, the younger employee was not disciplined.

40. Altherr's primary duties as Staff Accountant did not include the exercise of discretion and independent judgment with respect to matters of significance.

41. Throughout her employment at MetroHealth, Altherr was non-exempt for the purposes of Ohio Rev. Code § 4111, *et seq.* and 29 U.S.C. § 200 *et seq.*

42. Throughout her employment at MetroHealth, Altherr regularly worked in excess of forty hours per workweek.

43. Throughout her employment at MetroHealth, Altherr regularly performed substantial work for the benefit of MetroHealth after her regular working hours while at home.

44. MetroHealth was fully aware that Altherr regularly performed substantial work for the benefit of MetroHealth after her regular working hours while at home.

45. On numerous occasions, Altherr complained to MetroHealth verbally and in writing that she was entitled to overtime compensation under the law.

46. Altherr's verbal and written complaints regarding the unlawful failure of MetroHealth to compensate her for overtime constituted protected activity under the FLSA, 29 U.S.C. § 215(a)(3).

47. In response to Altherr's complaints regarding the unlawful failure to pay overtime, MetroHealth management incorrectly replied that Altherr was paid on a salary basis and was therefore exempt from overtime.

48. MetroHealth management, including Altherr's direct supervisor, were angered by Altherr's complaints that she was not being paid overtime in violation of the law.

49. MetroHealth was determined to get rid of Altherr due to her multiple complaints of MetroHealth's unlawful failure to pay her overtime.

50. Altherr's last complaint regarding MetroHealth's failure to pay her overtime was lodged soon before her employment was terminated.

51. MetroHealth based their decision to terminate Altherr's employment on her complaints of MetroHealth's unlawful failure to pay Altherr overtime.

52. MetroHealth's failure to pay Altherr overtime compensation was in contravention of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

**FIRST CAUSE OF ACTION**
**(Age Discrimination in Violation of R.C. § 4112.02)**

53. Altherr incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

54. At all times material herein, Altherr was over the age of 40 and a member of a statutorily-protected class under R.C. § 4112.

55. Throughout her employment, Altherr was fully competent and qualified for the position of Staff Accountant.

56. MetroHealth treated Altherr differently than other similarly-situated employees based on her age.

57. R.C. § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

58. MetroHealth violated R.C. § 4112.02 by discriminating against Altherr on the basis of her age.

59. Altherr is instituting this cause of action under R.C. § 4112.02(N), which provides: "[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights."

60. As a direct and proximate result of MetroHealth's conduct, Altherr suffered and will continue to suffer damages.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Compensation)

61. Altherr incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

62. Altherr worked over forty (40) hours per week during her employment with MetroHealth.

63. Pursuant to Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one work week.

64. Altherr was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

65. MetroHealth failed to pay Altherr overtime for any hours she worked over forty (40) in a given week.

66. As a direct and proximate result of MetroHealth's failure to pay Altherr her lawfully earned overtime wages, Altherr suffered damages.

67. MetroHealth willfully and/or intentionally violated Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

68. MetroHealth acted in bad faith in violating Ohio Rev. Code § 4111.03(A) and 20 U.S.C. § 207.

69. As a direct and proximate result of MetroHealth's failure to pay Altherr her lawfully earned overtime wage, pursuant to Ohio Rev. Code § 4111.10(A), MetroHealth is liable to Altherr for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

70. As a direct and proximate result of MetroHealth's failure to pay Altherr her lawfully earned overtime wage, pursuant to 29 U.S.C. § 216(b), MetroHealth is liable to Altherr for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
**(Unlawful Retaliation Based on Protected Wage Complaints)**

71. Altherr incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

72. During numerous occasions during her employment, Altherr made complaints to MetroHealth regarding MetroHealth' failure to pay her overtime compensation.

73. Altherr's complaints regarding MetroHealth' failure to pay her overtime compensation constituted protected activity pursuant to Ohio Rev. Code § 4111.13(B) and 29 U.S.C. § 215.

74. Following Altherr's complaints regarding MetroHealth' failure to pay her overtime compensation, MetroHealth retaliated against Altherr by fabricating multiple allegations against Altherr, placing Altherr on final written warning, and ultimately terminating Altherr's employment just months after her complaints

75. Pursuant to Ohio Rev. Code § 4111.13(B) and 29 U.S.C. § 215, no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with the overtime compensation provisions of Ohio Rev. Code § 4111.01 et seq. and/or 29 U.S.C. § 201 et seq.

76. MetroHealth' act of terminating Altherr from her employment constituted retaliatory discharge in violation of Ohio Rev. Code § 4111.13(B) and 29 U.S.C. § 215.

77. As a direct and proximate result of MetroHealth' retaliation for Altherr's protected wage complaints, MetroHealth is liable to Altherr for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney's fees.

## CONCLUSION

Plaintiff Candace Altherr seeks judgment against MetroHealth in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Suite 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

/s/ *Patrick J. Ebner*
Patrick J. Ebner (0083720)
Steuer, Escovar & Coleman Co. LPA
14701 Detroit Avenue, Suite 455
Lakewood, Ohio 44107
T: (216) 771-8121
F: (216) 771-8120
pebner@steuerlaw.com

*Counsel for Plaintiff Candace Altherr*

## JURY DEMAND

Plaintiff Candace Altherr demands a trial by jury by the maximum number of jurors permitted.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)

*Attorney for Plaintiff Candace Altherr*